IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| JOE E. KING, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL NO. 2:15-CV-407 |
| § | |
| GREENE'S ENERGY GROUP, LLC, § | |
| § | |
| Defendant. § | |

# ORDER

    Plaintiff commenced this civil action by filing his complaint against Greene's Energy Group, LLC on September 23, 2015.  Dkt. No. 1.  According to the docket sheet, the Clerk issued a summons on October 2, 2015, and Plaintiff filed his purported proof of service on October 13, 2015, Dkt. No. 3.  Handwriting appears in the blanks next to four options listed of means of service on the form filed in the record, though none of the boxes are checked.  *Id.* at 1.  Among other things, the document states that Daniel J. Bueno ("Bueno"), a Deputy Constable for the City of Alice, Texas, is both the person who delivered the summons and the person to whom it was delivered.  *Id.*  The return of service also states that Bueno delivered a copy of the summons to a person at an address allegedly associated with defendant in Alice, Texas.  *Id.*

    On October 29, 2015, Defendant filed a motion to dismiss for insufficient service of process under Federal Rules of Civil Procedure 12(b)(4) and (5).  Dkt. No. 5. Defendant states that Plaintiff caused a copy of the summons but not a copy of the complaint to be served on industrial and oil field service personnel whom it characterizes as improper agents to accept service of process.  *Id.* at 3.   Bueno's declaration, which is attached to the instant motion, confirms that he served only a copy of the summons.  Dkt. No. 5 Ex. A at 1.  In his response, Plaintiff does not argue that Defendant has been properly served; instead, he asserts that the defect

in service "is curable" and that the Court direct a new summons be issued. Dkt. No. 7 at 2.

Federal Rule of Civil Procedure 4(c)(1) declares that "[a] a summons must be served with a copy of the complaint. The plaintiff . . . must furnish the necessary copies to the person who makes service." As Plaintiff does not challenge Bueno's statement that Plaintiff did not provide him with a copy of the complaint, the Court finds that Plaintiff has not complied with Rule 4(c)(1). Accordingly, the return of service filed October 13, 2015, Dkt. No. 3, does not prove proper service upon Defendant.

Turning to the question of remedy, "[d]ismissal of a case under Rules 12(b)(4) or 12(b)(5) 'is not appropriate where there is a reasonable prospect that plaintiff ultimately will be able to serve defendant properly.' " *Cockerham v. Rose*, No. 3:11-CV-277-B, 2011 WL 1515159, at *2 (N.D. Tex. Apr. 18, 2011) (quoting *Bowman v. Sanofi–Aventis*, No. A–09–CA492–SS, 2009 WL 5083431, at *2 (W.D. Tex. Apr. 16, 2009)). Except "where 'there is no reasonably conceivable means of acquiring jurisdiction over . . . a defendant, . . . a district court has discretion to quash the defective service of process and provide a plaintiff another opportunity to effect proper service of process." *Id.* (quoting *Bowman*, 2009 WL 5083431, at *2). Defendant represents in the instant motion that it has appointed a corporation in Austin, Texas, as its agent for service of process, Dkt. No. 5 at 2, and Plaintiff has expressed his willingness to attempt to perfect service in his response, Dkt. No. 7 at 2. Accordingly, the Court finds that giving Plaintiff another opportunity to attempt to perfect service is warranted.

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss for Insufficient Process, Rule 12(b)(4), and for Insufficient Service of Process, Rule 12 (b)(5), Dkt. No. 5, and **QUASHES** the return of service filed October 13, 2015, Dkt. No. 3. The Court directs the Clerk to reissue the summons if Plaintiff so requests and **ORDERS** that Plaintiff shall have until February 29, 2016, to serve Defendant. *See* Fed. R. Civ. P. 4(m). Because the Court has extended Plaintiff's

deadline to serve Defendant, the Court further **ORDERS** the parties deadline to confer and file a joint discovery/case management plan **EXTENDED** to and including February 29, 2015.

SIGNED this 15th day of January, 2016.

_____
Hilda Tagle
Senior United States District Judge