Case 2:15-cv-00407   Document 12   Filed in TXSD on 02/23/16   Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
February 23, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| JOE E. KING, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL NO. 2:15-CV-407 |
| § | |
| GREENE'S ENERGY GROUP, LLC, § | |
| § | |
| Defendant. § | |

## ORDER

The Court is in receipt of Jennifer K. Lofton ("Lofton") and Abel Herrero's ("Herrero") motion filed February 22, 2016, seeking leave to withdraw as Plaintiff's attorneys-in-charge and substitute Steven Chapman ("Chapman") in their place. Dkt. No. 10. "An attorney may withdraw from representation only upon leave of the court and a showing of good cause and reasonable notice to the client." *In re Wynn*, 889 F.2d 644, 646 (5th Cir. 1989) (citation omitted). Federal law provides the rule of decision for determining whether good cause exists. *White v. BAC Home Loans Serving, LP*, No. 3:09-CV-2484-G, 2010 WL 2473833, at *2 (N.D. Tex. June 15, 2010) (citing *In re Am. Airlines, Inc.*, 972 F.2d 605, 610 (5th Cir. 1992)). The record must reflect an appropriate basis for granting leave to withdraw, and "unsubstantiated claims are insufficient." *F.T.C. v. Intellipay, Inc.*, 828 F. Supp. 33, 34 (S.D. Tex. 1993) (citation omitted).

Lofton and Herrero's motion to withdraw filed February 22, 2016, states that their law firm is dissolving and that a copy of the motion was served on all parties via the Court's CM-ECF system. Dkt. No. 10 at 2, 4. The motion, however, does not state that Plaintiff has received notice of Lofton and Herroro's intent to withdraw and Chapman's proposed substitution.

Accordingly and out of an abundance of caution, the Court **ORDERS** Lofton and Herrero to supplement their motion to withdraw, Dkt. No. 10, within seven

days after the entry of this order with evidence that Plaintiff has received reasonable notice of their motion to withdraw and the proposed substitution of Chapman. If Plaintiff agrees to the proposed substitution, evidence of that fact should be filed. *See* S.D. Tex. Civ. R. 7.7 ("If a motion or response requires consideration of facts not appearing of record, proof by affidavit or other documentary evidence must be filed with the motion or response.").

SIGNED this 23rd day of February, 2016.

_____
Hilda Tagle
Senior United States District Judge