United States District Court
Southern District of Texas

**ENTERED**

March 07, 2016

David J. Bradley, Clerk

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOE E. KING, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL NO. 2:15-CV-407 |
| | § | |
| GREENE'S ENERGY GROUP, LLC, | § | |
| | § | |
| Defendant. | § | |

## ORDER

On February 22, 2016, Jennifer K. Lofton ("Lofton") and Abel Herrero ("Herrero") filed a motion for leave to withdraw as Plaintiff's attorneys-in-charge and substitute Steven Chapman ("Chapman") in their place. Dkt. No. 10. The next day, this Court ordered "Lofton and Herrero to supplement their motion to withdraw within seven days after the entry of this order with evidence that Plaintiff has received reasonable notice of their motion to withdraw and the proposed substitution of Chapman." Dkt. No. 12 at 1—2 (internal citation omitted). According to the docket sheet, no response to that order has been filed.

The record reflects that Lofton signed two papers filed February 29, 2016, as attorney-in-charge for Plaintiff. Dkt. No. 15 at 2; Dkt. No. 16 at 7. The second, the parties' joint discovery/case management plan, lists Lofton and Herrero as Plaintiff's attorneys without mentioning Chapman. Dkt. No. 16 at 6. It also states that Lofton and Herrero's motion to withdraw is pending but omits the Court's order entered February 23, 2016. *Id.*

"An attorney may withdraw from representation only upon leave of the court and a showing of good cause and reasonable notice to the client." *In re Wynn*, 889 F.2d 644, 646 (5th Cir. 1989) (citation omitted). Federal law provides the rule of decision for determining whether good cause exists. *White v. BAC Home Loans Serving, LP*, No. 3:09-CV-2484-G, 2010 WL 2473833, at *2 (N.D. Tex. June 15,

2010) (citing *In re Am. Airlines, Inc.*, 972 F.2d 605, 610 (5th Cir. 1992)). The record must reflect an appropriate basis for granting leave to withdraw, and "unsubstantiated claims are insufficient." *F.T.C. v. Intellipay, Inc.*, 828 F. Supp. 33, 34 (S.D. Tex. 1993) (citation omitted).

This Court found that the record did not demonstrate that Plaintiff received reasonable notice of Lofton and Herrero's intent to withdraw in its order entered February 23, 2016:

> Lofton and Herrero's motion to withdraw filed February 22, 2016, states that their law firm is dissolving and that a copy of the motion was served on all parties via the Court's CM-ECF system. Dkt. No. 10 at 2, 4. The motion, however, does not state that Plaintiff has received notice of Lofton and Herrero's intent to withdraw and Chapman's proposed substitution.

Dkt. No. 12 at 1. Lofton and Herrero did not supplement the record by their deadline of March 1, 2016. Nor have they sought an extension under Federal Rule of Civil Procedure 6(b).

For these reasons, the Court **DENIES** Lofton and Herrero's motion to withdraw filed February 22, 2016, Dkt. No. 10, **WITHOUT PREJUDICE** to refiling with the supplemental material required by this Court's order entered February 23, 2016, Dkt. No. 12 at 1—2.

It is so ORDERED.

SIGNED this 4th day of March, 2016.

Hilda Tagle
Senior United States District Judge